IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT DIGGS, <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", <br><br> Defendants. | Case No. 23-cv-01820 <br><br> **Judge Martha M. Pacold** <br><br> **Magistrate Judge Susan E. Cox** |

## PLAINTIFF'S MEMORANDUM ESTABLISHING THAT JOINDER IS PROPER

Pursuant to Order [26], Plaintiff Robert Diggs ("Plaintiff") submits the following memorandum establishing that joinder is proper.

The seller aliases excepted from Plaintiff's Motion for Entry of Preliminary Injunction [23] own and operate e-commerce stores on AliExpress.com and Alibaba.com that accept payment using Alipay (collectively, "Alipay"). *See* [2]; Declaration of Justin R. Gaudio (the "Gaudio Declaration") at ¶ 2. Alipay's position is that it is not required to comply with a U.S. court order, but will effectuate the temporary restraining orders ("TRO") using contractual provisions in its terms of service.[1] Gaudio Declaration at ¶ 2. While Alipay will effectuate the TRO, Plaintiff rarely receives the requested information, including email addresses, prior to the expiration of an extended TRO (28 days after issuance).[2] *Id*. at ¶ 4. Typically, prior to the extended TRO deadline,

---

[1] Plaintiff disagrees with Alipay's position, but is continuing to work with Alipay on a compromised process. Gaudio Declaration at ¶ 3. Plaintiff's willingness to compromise is without prejudice to any rights or remedies that it could or may assert against Alipay in the future. Gaudio Declaration at ¶ 3.

[2] Alipay typically provides the email addresses within 30 days of receipt of the TRO. Gaudio Declaration at ¶ 4.

1

Plaintiff moves for entry of a preliminary injunction against and serves all defendants for whom Plaintiff has obtained an email address. The remaining defendants are served once Plaintiff obtains their email addresses. Once the response deadlines have passed for all defendants, Plaintiff would move for entry of default and default judgment against any defendants that did not settle or have otherwise not responded.

In this case, Alipay was served with a copy of the TRO on March 29, 2023. Gaudio Declaration at ¶ 5. Since Alipay has not provided the email addresses associated with Defendant Nos. 1-47, Plaintiff was unable to provide notice to these Defendants of its Motion for Entry of a Preliminary Injunction [23] as required by Fed. R. Civ. P. 65(a)(1). Accordingly, Plaintiff excepted Defendant Nos. 1-47 from its Motion for Entry of a Preliminary Injunction. Once Plaintiff receives email addresses for Defendant Nos. 1-47 from Alipay, Plaintiff will serve Defendant Nos. 1-47 pursuant to paragraph 7 of the TRO. Once the response deadlines pass for all Defendants, Plaintiff intends to move for entry of default and default judgment against any remaining Defendants in the late-May timeframe. As such, Plaintiff anticipates that this Case will be on a single track against all Defendants like previously filed similar cases before this Court. If the case does not proceed on the same track for all Defendants, joinder can be accessed at that time.

Joinder remains proper in this case. Plaintiff's specific factual allegations that Defendants are working in a similar manner and during the same time period to sell Counterfeit Products, collectively in the same "occurrence of mass harm," shows a logical relationship supporting joinder. [1] at ¶¶ 19-30; *Bose Corp. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, 334 F.R.D. 511, 516 (N.D. Ill. 2020). Defendant Nos. 1-47 still participated in the "swarm of attacks" on Plaintiff's trademark rights. *See Bose Corp.* 334 F.R.D. at 517. Alipay's failure to provide email addresses for Defendant Nos. 1-47 in a timely manner does not change the fact they

2

are similarly involved in a coordinated effort to sell Counterfeit Products in congruence with the other Defendants in this matter. As such, joinder remains appropriate and Plaintiff anticipates that this case will remain on a single track.

Dated this 17th day of April 2023.  Respectfully submitted,

/s/ Justin T. Joseph
Amy C. Ziegler
Justin R. Gaudio
Justin T. Joseph
Quinn B. Guillermo
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
jjoseph@gbc.law
qguillermo@gbc.law

*Counsel for Plaintiff Robert Diggs*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of April 2023, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, I will electronically publish the documents on a website and I will send an e-mail to the e-mail addresses identified in Exhibit A hereto that includes a link to said website.

/s/ Justin T. Joseph
Amy C. Ziegler
Justin R. Gaudio
Justin T. Joseph
Quinn B. Guillermo
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
jjoseph@gbc.law
qguillermo@gbc.law

*Counsel for Plaintiff Robert Diggs*